UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| RUFUS EZRA NEELEY | ) | |
| | ) | |
| | ) | No. 2:05-CV-311 |
| v. | ) | No. 2:03-CR-33 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |

## MEMORANDUM OPINION

Rufus Ezra Neeley ("Neeley" or "petitioner"), a federal prisoner, has filed this "Petition Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody" [Doc. 49]. The United States has responded in opposition [Doc. 50] and the matter is now ripe for disposition. The Court has determined that the motion and the record of prior proceedings in the case conclusively establish that the petitioner is not entitled to relief under § 2255 and, therefore, no evidentiary hearing is necessary. For the reasons which follow, the petitioner's § 2255 motion lacks merit, and the motion will be denied.

**I.     Procedural and Factual Background**

The federal grand jury returned a four count indictment against Neeley on May 27, 2003 charging Neeley with various firearms offenses. On July 28, 2003,

Neeley entered a plea of guilty for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) pursuant to a negotiated plea agreement with the government. A presentence report ("PSR") was prepared in which the probation officer concluded that petitioner was subject to a total offense level of 23 and a criminal history category VI, resulting in a guideline range of 92 to 115 months of imprisonment. The petitioner objected to the probation officer's inclusion in his criminal history of two prior allegedly uncounseled misdemeanor convictions that resulted in terms of imprisonment. The Court overruled petitioner's objection and found that the pleas were not uncounseled in that petitioner had waived his right to counsel in writing as demonstrated on the face of each of the state court judgments.

Petitioner also moved for a downward departure on grounds that his criminal history category over represented his criminal history. This Court denied departure on that basis. [Doc. 39]. Petitioner also requested a downward departure based upon the 28 months of a state sentence imposed on a related conviction. Pursuant to the terms of the negotiated plea agreement, the government recommended that the Court grant a downward departure on this ground by reducing the guideline range by 28 months. The Court granted a downward departure and departed 28 months from the top of the applicable guideline range of 115 months. On December 8, 2003, petitioner was sentenced to a term of 87 months imprisonment. Judgment was entered on

December 17, 2003. The petitioner appealed and his judgment was affirmed on December 7, 2004. No petitioner for a *writ of certiorari* was filed and the judgment became final after the expiration of the 90 days within which petitioner could have filed a petition. The instant § 2255 petition was timely filed on November 28, 2005.

On direct appeal, Neeley argued that the district court erred in three respects: (1) by departing 28 months from the top of the guideline range rather than the bottom; (2) by including the two uncounseled state misdemeanor convictions in the calculation of his criminal history score; and (3) by denying his motion for downward departure on grounds that his criminal history category over represented his criminal history. The Court of Appeals held that it had no jurisdiction to review the scope or extent of this Court's downward departure and affirmed the inclusion of Neeley's prior misdemeanor convictions in his criminal history calculation.

## II. Standard of Review

This Court must vacate and set aside petitioner's conviction upon a finding that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255(b). Under Rule 8(a) of the Rules Governing Section 2255 Proceedings In The United States

District Courts, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." Green, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994); *see also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary

4

demands of fair procedure. *Reed v. Farley,* 512 U.S. 339 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir. 1996), *cert. denied*, 517 U.S. 1200 (1996).

### III. Analysis and Discussion

In his § 2255 motion, Neeley raises several issues, including claims of ineffective assistance of counsel. He argues that: (1) he was improperly assessed two criminal history points for a state misdemeanor conviction which resulted from the traffic stop in this case; (2) petitioner's criminal history is overrated; (3) the Florida arrest warrant used to arrest him in this case was invalid and thus his arrest in this case was illegal; and (4) he received ineffective assistance of counsel in that (i) defense counsel told him he would receive a sentence of 84 months if he signed the plea agreement; (ii) counsel failed to advise him of the "petite" rule; (iii) defense counsel "let the judge and prosecuter [sic] run their mouths about the 1994 charge"; (iv) the appeal filed in the Sixth Circuit by appellate counsel was "frevilous [sic]; and (v) counsel refused to "make a *Blakley* issue" concerning the terms of his supervised release.

**1. Assessment of Criminal History Points For Petitioner's State Conviction For Driving on a Revoked License.**

Although difficult to decipher, petitioner apparently claims that he erroneously received two points for a driving on a revoked license conviction as the result of the traffic stop in this case. Petitioner's claim fails for several reasons. First of all,

5

petitioner's plea agreement with the United States contains a waiver of his right "to file any post-conviction motions or pleadings pursuant to Title 28, United States Code, Section 2255" except upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to the petitioner at the time of petitioner's guilty plea. Neeley was questioned about this waiver at the change of plea hearing, acknowledged that he understood that he was waiving the right to file a § 2255 petition and indicated that he had discussed the waiver with his attorney. Nothing in the record suggests, and petitioner does not now contend, that the waiver was not knowledgeably and voluntarily made. Informed and voluntary waivers of the right to collaterally attack a conviction and sentence are clearly enforceable, *Watson v. United States,* 165 F.3d 486, 489(6th Cir. 1999), and the petitioner has waived his right to challenge the assessment of criminal history points in this regard through this § 2255 petition.

Secondly, petitioner has procedurally defaulted his right to assert this claim by failing to raise it on direct appeal before the Court of Appeals. A petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal. *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). Where a petitioner has procedurally defaulted a claim by failing to raise it on direct review, the claim may be

raised in a motion under § 2255 only if the defendant first demonstrates either cause for the default and actual prejudice or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). The petitioner here makes no claim of actual innocence and he makes no attempt to demonstrate either cause for the default or actual prejudice. In fact, petitioner cannot show actual prejudice because the two criminal history points were properly assessed. As noted in the PSR, criminal history points were not assessed for the state convictions that punish the same offense conduct as here, *i.e.,* the possession of the firearm. Two criminal history points were assessed for the driving on a revoked license conviction, for which petitioner received a sentence of six months imprisonment in state court. This claim is both factually and legally without merit.

### 2. **Overrated Criminal History Category**

Once again, it is difficult to decipher the precise nature of Neeley's claim; however, he argues that he has only two prior felony convictions and that the rest of his convictions are misdemeanors. He once again raises issues concerning criminal history points for prior misdemeanor offenses and suggests his criminal history category is only IV, rather than VI. Petitioner fails on this claim for the same reasons he failed on his first. As noted above, petitioner waived in his plea agreement the right to bring any claim pursuant to § 2255 except for claims of ineffective assistance of

counsel and prosecutorial misconduct not known to him at the time of the entry of his guilty plea. Secondly, this issue appears to have been raised by Neeley on appeal who argued before the Court of Appeals that his criminal history category over represents his criminal history. That argument was rejected by the Sixth Circuit and Neeley cannot now litigate matters before this Court in this § 2255 petition which were previously litigated on direct appeal. It is well settled that a claim previously litigated on direct appeal cannot be the basis for collateral relief absent exceptional circumstances. *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996). *See also Giraldo v. United States*, 54 F.3d 776, 1995 WL 290354 (6th Cir. Mich.) (unpublished) (*cert. denied*, 516 U.S. 892 (1995))."It is well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on appeal absent highly exceptional circumstances, such as an intervening change in the law."). To the extent this issue was not raised and decided on direct appeal, it has now been procedurally defaulted.

    **3.    Legality of the Florida Arrest Warrant**

Petitioner appears to argue here that his 1994 Florida conviction had expired on July 2, 1998, and that the warrant issued for a violation of his supervised release was therefore illegal. He argues further that since the arrest warrant was "illegal" his arrest was also illegal. Petitioner cites no authority for this novel proposition. Indeed, no

such authority exists. The Supreme Court has held that even if it is subsequently learned that an outstanding arrest warrant is defective or void, that does not affect the legality of the arrest where the officer had reasonable basis to believe a valid warrant existed. *See Arizona v. Evans*, 514 U.S. 1 (1995). Neeley's arrest pursuant to the outstanding Florida warrant was lawful regardless of whether or not his term of supervision as the result of a 1994 conviction had in fact expired.

Furthermore, to the extent that Neeley now challenges the legality of his arrest, he has procedurally defaulted the claim by failing to raise it on direct appeal.

### 4. Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established the criteria for determining whether a Sixth Amendment claim of ineffective assistance of counsel is meritorious. The *Strickland* test requires that a defendant demonstrate two essential elements: (1) counsel's performance was deficient, *i.e.*, counsel was not functioning as counsel guaranteed the defendant by the Sixth Amendment and (2) counsel's deficient performance prejudiced the defendant, *i.e.*, deprived the defendant of a fair trial rendering the outcome of the trial unreliable. *Id.* at 687-88.

There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance and that conduct cannot be viewed in hindsight, but must be evaluated for reasonableness within the context of the circumstances at the time of the alleged errors. *Strickland*, 466 U.S. at 689-90. A defendant's challenge to such decisions must overcome a presumption that the challenged actions might be considered sound trial strategy. *McQueen v. Scroggy,* 99 F.3d 1302, 1311(6th Cir. 1996); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).

When a defendant challenges his guilty plea, to establish the prejudice prong, he must demonstrate that without counsel's alleged errors, he would not have pled guilty, but would have insisted on standing trial. *Hill v. Lockhart*, 474 U.S. 52, 56, 59 (1985). To demonstrate a reasonable probability that he would have gone to trial, a defendant is required to present evidence apart from a bare assertion that but for counsel's error he would have pleaded not guilty and gone to trial. *See Parry v. Rosemeyer*, 64 F.3d 110, 118 (3rd Cir. 1995). "[R]eviewing court[s] must remember that 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998), *quoting Strickland*, 466 U.S. at 690. "An error of counsel, even if professionally unreasonable, does not warrant setting aside the

judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Id.* at 691.

### a. Counsel's Failure to Argue The Invalidity of The 1994 Florida Conviction

As set forth above, even if the Florida arrest warrant was invalid, that does not invalidate or make illegal the arrest of the defendant on a warrant which the officer reasonably believed to be valid. Counsel is not required to raise every frivolous argument suggested by a defendant and counsel was not ineffective here in failing to argue the illegality of the petitioner's arrest.

### b. Counsel's Assurance of an 84 Month Sentence

Petitioner next argues that his counsel was constitutionally deficient in allegedly advising him that he would receive a sentence of no more than 84 months, instead of the 87 months he received. As an initial matter, as set forth above, petitioner must plead sufficient facts in his § 2255 motion to entitle him to relief. The petitioner has not done so here but relies on conclusory allegations not supported with sufficient facts. Neeley has offered no facts to support his allegation that such an assurance was given and has offered no affidavit, not even his own, to that effect.

Moreover, the record in this case contradicts Neeley's assertion and establishes quite clearly that no assurance was in fact given by defense counsel. In his written plea agreement with the government, Neeley acknowledged that the Court could "impose

11

any lawful term of imprisonment up to the statutory maximum" and that the maximum penalty to which he would be exposed was a term of ten years imprisonment. Plea Agreement, ¶¶ 1(a), 2. He further acknowledged in his plea agreement "that the Court [would] determine the appropriate sentence" and that his sentence would "be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines set forth in the Sentencing Guidelines." *Id.,* ¶ 4. He acknowledged that "his attorney has fully explained the nature of the charges, the potential penalties, and any defenses that he might have. *Id.*, ¶ 3. He acknowledged that he had thoroughly reviewed the plea agreement with his lawyer and that his lawyer had fully and completely answered all of the defendant's questions about his guilty plea and its consequences, including questions about sentencing. *Id.*, ¶ 7. Importantly, the plea agreement also included an agreement by the parties that the defendant had served 28 months of incarceration as a result of state charges reflecting the same conduct and weapon for which the defendant was convicted in state court. The parties agreed that the government would recommend that the Court grant a downward departure reducing the guideline range by 28 months. The defendant acknowledged that he understood "that the decision as to whether a departure is appropriate is solely that of the sentencing judge." *Id.*, ¶ 11. Likewise, during the plea colloquy, Neeley acknowledged under oath that he fully understood all

the terms and conditions of his plea agreement, that he understood the statutory maximum penalty, that he understood that the sentence for his case could not be determined until a PSR was prepared, and that he understood that the Court had the authority to impose a sentence more severe than the sentence called for in the guidelines. Furthermore, defense counsel was asked at the change of plea hearing whether she had "made any representations to the defendant as to what sentence [the Court] might impose in this case other than to give him an estimate of his guideline sentencing range." Defense counsel's response was as follows:

> Ms. Pierce: No, your Honor. The only thing that I have given him is a guideline estimation; but I will note for the Court that in paragraph 11 of the plea agreement, I've discussed this with Mr. Neeley, is that the parties will recommend to the Court that he receive a 28 month credit toward his federal sentence for the time spent incarcerated on state charges which were similar to the prosecutor's charges in this case; but he does understand that it will still be up to the Court's discretion in deciding whether to in fact grant him that sentencing credit.

This Court then addressed the defendant directly:

> Q. All right. Mr. Neeley, you've heard what your lawyer said, is that a correct statement of your understanding as to this matter?
>
> A. Yes, your Honor.

Petitioner not only affirmatively acknowledged his understanding that no representations had been made to him as to the sentence which might be imposed, he

13

also never, at any time prior to the filing of this § 2255 motion, disputed his attorney's statements made in his presence, he never sought to withdraw his plea of guilty and he never expressed any dissatisfaction with his attorney, even during allocution at sentencing. This clearly indicates to this Court that Neeley's assertion that it was represented to him that he would receive an 84 month sentence is simply not credible and is, in fact, clearly contradicted by the record.

The transcript of the plea colloquy also establishes that this Court scrupulously followed the requirements of Fed. R. Crim. P. 11 and conducted a proper, clear and thorough plea colloquy. A trial court's "thorough examination at the hearing, taking careful and appropriate measures to dispel any confusion on [the defendant's] part before the plea was accepted," cured any claim that the defendant was prejudiced by erroneous "advice from [the defendant's] trial attorney [that allegedly] led to his misunderstanding the consequences of his guilty plea." *Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993), *cert. denied*, 510 U.S. 1099 (1994). Neeley is now bound by his statements in response to the Court's inquiry and, to the extent petitioner suggests that he answered the Court's questions falsely, his decision to lie cannot amount to prejudice under the *Strickland v. Washington* test. *Warner v. United States*, 975 F.2d 1207, 1212 (6th Cir. 1992), *citing Worthen v. Meachum*, 842 F.2d 1179, 1184 (10th Cir. 1988). Accordingly, this issue lacks any merit.

### c. Counsel's Failure to Advise Defendant of "Petite" Rule

The petitioner's motion merely states: "Counsel also failed to advise defendant of the Petite rule." The petitioner does not elaborate further and fails to allege any facts indicating that the failure to do so is ineffective assistance of counsel.

The Petite policy derives its name from the case in which its existence was first acknowledged by the Supreme Court, *Petite v. United States*, 361 U.S. 529 (1960). The United States Department of Justice's dual and successive prosecution policy ("Petite policy"), U.S. Attorney's Manual 9–2.031, is an internal guide for federal prosecutors and generally provides that a federal prosecution should not be based on substantially the same conduct as was the basis of a prior state prosecution unless a substantial federal interest is involved. Specifically, the Petite policy provides, in pertinent part:

> This policy applies whenever there has been a prior state or federal prosecution resulting in an acquittal, a conviction, including one resulting from a plea agreement, or a dismissal or other termination of the case on the merits after jeopardy has attached.

U.S. Attorney's Manual 9–2.031

Even assuming, *arguendo*, that the Petite policy applied to petitioner's situation, it would have afforded no relief to the petitioner. Court's have uniformly held that a criminal defendant cannot invoke the Petite policy as a bar to a federal

prosecution. *United States v. Snell*, 592 F.2d 1083 (9th Cir. 1979); *United States v. Michel*, 588 F.2d 986, 1003 (5th Cir. 1979) (*citing United States v. Nelligan*, 573 F.2d 251, 255(5th Cir. 1978) ); *United States v. Frederick*, 583 F.2d 273 (6th Cir. 1978); *United States v. Wallace*, 578 F.2d 735 (8th Cir. 1978).

The policy is not constitutionally mandated and confers no rights upon the accused. *Rinaldi v. United States*, 434 U.S. 22, 29(1977); *Frederick* , 583 F.2d 273. Only the government has standing to seek a dismissal of an indictment because of a violation of the Petite policy. *United States v. Renfro*, 620 F.2d 569, 574 (6th Cir.) *cert. denied* 449 U.S. 902 (1980). Clearly, therefore, counsel was not ineffective in failing to advise the petitioner of the Petite policy. Accordingly, this issue lacks merit.

### d. Comments by the Judge and Prosecutor

Here, Neeley argues that counsel was ineffective because counsel "let the judge and prosecuter [sic] run thier [sic] mouth about the 1994 charge." It is very difficult to determine the precise nature of the petitioner's claim here. Clearly, petitioner's counsel had no control over what either this Court or the prosecutor stated at the time of his sentencing hearing. He apparently also claims that he did not commit the 1994 offense. It is well established that neither sentencing proceedings nor § 2255 proceedings may be used to collaterally attack a prior conviction. *Custis v. United States,* 511 U.S. 485(1994); *Daniels v. United States,* 532 U.S. 374(2001).

The petitioner also seems to suggest that the 1994 conviction is somehow affecting the conditions of confinement imposed by the Bureau of Prisons. It is also well settled that after a sentence is imposed, any complaint about the manner of execution of the sentence by the Bureau of Prisons cannot be addressed by the sentencing court by way of a § 2255 motion. *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979).

Almost as an afterthought, petitioner states "Defendant wants Jury to hear." Once again, it is very difficult to discern the true nature of petitioner's argument. To the extent that he alleges that a jury should have decided his prior convictions, the issue lacks any merit. *See Almendarez – Torres v. United States,* 523 U.S. 224(1998); *United States v. Gatewood,* 230 F.3d 186(6th Cir. 2000). In any event, he alleges no facts in support of his allegation that there was any ineffective assistance of counsel and he makes no allegation of prejudice except that the BOP is holding the 1994 charge against him. Accordingly, this issue lacks merit.

### e. The *Blakely* issue

The petitioner argues that his attorney "refused to make a *Blakley* issue out of the Judge ordering Defendant to A.A. and mental health treatment when defendant was on supervised release. Should have treated defendant Before trial. Not after." Once

again, it is very difficult to discern the true nature of petitioner's claim. There was no Sixth Amendment error or *Blakely* claim since petitioner's sentence in this case was based solely upon facts he admitted and upon his prior criminal history. *See Blakely v. Washington*, 542 U.S. 296 (2004). He states no facts or even conclusory allegations which indicate that his claim would have been successful on appeal and he alleges no prejudice by the failure of counsel to raise the issue on appeal. Defense counsel has no obligation to raise every issue argued by the defendant or to raise frivolous issues on appeal. This issue lacks any merit.

To the extent petitioner is arguing that counsel should have raised a *Blakely* claim in general, that issue likewise lacks merit. It is clearly established that any claim pursuant to *Blakely* is now governed by the Supreme Court's intervening decision in *United States v. Booker*, 543 U.S. 220 (2005), which applied the reasoning in *Blakely* to the Federal Sentencing Guidelines. The Sixth Circuit has held that *Booker* does not apply retroactively in collateral proceedings. *Valentine v. United States,* 488 F.3d 325, 331 (6th Cir. 2007); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). Furthermore, there was no judicial fact finding in this case that could even arguably violate *Booker*. As noted above, petitioner's sentence was based solely upon facts he admitted and upon his prior criminal history. The holding of *Booker* is not implicated

in any way by the facts in petitioner's case. Accordingly, this issue lacks merit.

### f. Frivolous Appeal

Lastly, petitioner argues that he received ineffective assistance of counsel in that his attorney "filed the appeal to the Sixth Circuit which was frevilous [sic]." When a defendant files a § 2255 motion, he must, as noted above, set forth facts which entitle him to relief. Such a conclusory allegation, not substantiated by any allegations of fact, is not sufficient to establish a right to relief. Neeley has pled no facts which would establish that he is entitled to collateral relief on this claim.

## IV. CONCLUSION

For the reasons set forth above, the Court holds petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States and her motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 will be **DENIED**.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificates of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim"

to determine whether a certificate is warranted. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Id.* at 467.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Having examined each of the petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that this Court's dismissal of petitioner's claims was debatable or wrong. Therefore, the Court will deny petitioner a certificate of appealability as to each issue raised by her.

A separate order will enter.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE